UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSE RODRIGUEZ-QUEZADA,

Petitioner,

v.

KYLE OLSEN, *et al.*,

Respondents.

Case No. 3:23-cv-00130-MMD-CLB

ORDER

## I.   SUMMARY

In his amended 28 U.S.C. § 2254 habeas corpus petition Jose Rodriguez-Quezada challenges his Douglas County, Nevada conviction by a jury of second-degree murder with use of a deadly weapon. (ECF No. 15.) Respondents have filed a motion to dismiss, arguing that two of Petitioner's three claims are unexhausted and would be procedurally barred. (ECF No. 29 ("Motion").)[1] As further explained below, the Court defers a decision on whether Petitioner's ineffective assistance of counsel claim is procedurally barred from federal review to the adjudication of the petition on the merits and declines to dismiss the cumulative error claim at this stage of the proceedings.

## II.   BACKGROUND

### A.   State-Court Proceedings

Jose Rodriguez-Quezada's ("Jose")[2] convictions arose from an incident where he repeatedly stabbed Kevin Edwards in a South Lake Tahoe casino hotel room, killing him. (ECF No. 25-9.) The state district court sentenced Jose to 10 years to life, with a

---

[1]Rodriguez-Quezada opposed, and Respondents replied. (ECF Nos. 30, 32.)

[2]The parties refer to Petitioner as "Jose," and the Court does the same.

1   consecutive term of 8 to 20 years for the deadly weapon enhancement. (ECF No. 25-39.)

2   Judgment of conviction was entered on October 15, 2019. (ECF No. 25-40.)

3   　　　The Nevada Supreme Court affirmed Jose's conviction in April 2021. (ECF No. 26-

4   12.) He filed a state postconviction habeas corpus petition alleging 6 grounds for relief.

5   (ECF No. 26-17.) The state district court issued an order setting an evidentiary hearing

6   on Jose's claim that his trial counsel was ineffective for failing to convey a plea agreement

7   offer (ground 3) and denied the other 5 claims. (ECF No. 26-29.) After the hearing the

8   state district court denied ground 3. (ECF No. 26-35.) Jose did not appeal.

9   　　　**B.　　Federal Habeas Proceedings**

10   　　　Jose initiated a *pro se* federal habeas action in March 2023. (ECF No. 1-1.) The

11   Court granted his motion for appointment of counsel, and he filed a counseled amended

12   petition. (ECF Nos. 6, 15.) He alleges 3 grounds for relief:

13
14   　　　　　Ground 1: The trial court's *Allen* charge violated Jose's right to a fair
           trial and due process under the Fifth, Sixth, and Fourteenth
15           Amendment rights.

16   　　　　　Ground 2: Trial counsel was ineffective in violation of the Sixth and
           Fourteenth Amendments by:

17   　　　　　　　A.　Failing to advise Jose to testify in his own defense.

18
19   　　　　　　　B.　Failing to present evidence of Jose's rib fracture.

20   　　　　　Ground 3: Cumulative error prejudiced Jose in violation of his Fifth,
           Sixth, and Fourteenth Amendment due process and fair trial.

21   (ECF No. 15 at 4-25.)　　Respondents now move to dismiss the petition, arguing that

22   grounds 2 and 3 are unexhausted. (ECF No. 29.)

23   **III.　　DISCUSSION**

24   　　　**A.　　Ground 2**

25   　　　A federal court will not grant a state prisoner's petition for habeas relief until the

26   prisoner has exhausted his available state remedies for all claims raised. *See Rose v.*

27   *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts

28   a fair opportunity to act on each of his claims before he presents those claims in a federal

habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *See* 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

///

In *Martinez v. Ryan*, the Supreme Court ruled that ineffective assistance of postconviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. *See* 566 U.S. 1 (2012). The *Martinez* Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*).

Ground 2 is the claim that trial counsel was ineffective for failing to advise Jose to testify in his own defense and for failing to present evidence of his rib fracture. (ECF No. 15 at 13-23.) Jose concedes that ground 2 was not presented to state courts. (*Id.* at 13.) He contends that ground 2 is technically exhausted and also procedurally defaulted because the state courts would not consider the claims now due to the state procedural bars. *See Woodford v. Ngo*, 548 U.S. 81 (2002) (state court remedies are "exhausted" when they are "no longer available, regardless of the reason for their unavailability").

Jose insists he can overcome the default of these claims under *Martinez*. To establish cause under *Martinez*, a petitioner needs to show "that he had no counsel during his state collateral review proceeding or that his counsel during that proceeding was ineffective under the standards of *Strickland v. Washington*." *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019); *see also Martinez*, 566 U.S. at 14. Jose also needs to establish prejudice. He can satisfy the prejudice standard by showing his defaulted claims are "substantial," for example, that they have "some merit." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013).

Jose argues that postconviction counsel was ineffective for failing to raise these claims and that the claims are substantial. (ECF No. 30 at 2-9.) Respondents disagree that these claims are substantial. They also argue that Jose failed to develop the factual basis for ground 2 in state court. The Court concludes that because the question of

procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist the Court with its determinations, and best serves judicial efficiency. A decision on whether ground 2 is procedurally defaulted from federal review is deferred.

### B.    Cumulative Error

The Ninth Circuit Court of Appeals has held that "the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (first citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974), then citing *Chambers v. Mississippi*, 410 U.S. 289, 290 n. 3, 298, 302-03 (1973)); *see also Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) Respondents argue that Jose never presented a cumulative error claim encompassing all the legal and factual allegations raised in his federal petition to the Nevada appellate courts. (ECF No. 29 at 5.) A cumulative error claim may be exhausted to the extent that the underlying individual claims of error are exhausted. The Court will consider whether it may reach the merits of ground 2 when it adjudicates the merits of the petition. Thus, it is unclear at this time whether there will be multiple claims of error before the Court to potentially cumulate. The Court will consider ground 3 when the parties have completed briefing on the merits.

### IV.    CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 29) is denied as set forth in this order.

It is further ordered that a decision on whether ground 2 is procedurally defaulted is deferred to the merits adjudication.

It is further ordered that Respondents have 60 days from the date of this order to file an answer to the petition. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

It is further ordered that Petitioner will have 45 days following service of Respondents' answer in which to file a reply.

DATED THIS 22nd Day of October 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE